UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CAMILLO DOUGLAS,

       Plaintiff,

                 **Hon. Hugh B. Scott**

                 **12CV1112A**

     v.

                 **Report**
                  **&**
                **Recommendation**

CORRECTION OFFICER HALE, et al.,

       Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 25). Before the Court are (A) defendants' motion (Docket No. 21) for summary judgment, supported by their Statement of Facts (Docket No. 22), a declaration by Alyson Romesser, an inmate grievance program supervisor at the Attica Correctional Facility ("Attica"), with exhibits (Docket No. 23, Decl., ¶ 1), and Memorandum of Law (Docket No. 24) and (B) plaintiff's cross motion to compel discovery and for appointment of counsel (Docket No. 30). For convenience and due to the interrelationship between these motions (otherwise considered separately in a Report and Recommendation and an Order) these motions will be considered together in this Report.

Responses to defendants' motion initially were due by July 22, 2014 (Docket No. 26), but plaintiff (an inmate proceeding pro se) responded that he needed 60 days to file a response (Docket No. 27). An extended brief schedule was ordered, with responses due October 31, 2014,

and any reply due by November 7, 2014, and the motion submitted (without oral argument) on November 7, 2014 (Docket No. 29). Plaintiff also was given notice of the effects of his failure to file a response to this motion, see Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001) (per curiam) (id.).

Plaintiff filed a timely response (Docket No. 30, Pl. Motion and Affirm., dated Oct. 30, 2014, filed Nov. 3, 2014, and docketed Nov. 7, 2014) and moved to compel discovery (id.) and for appointment of counsel (id., Pl. Affirm. ¶ 5). The parties were given until December 2, 2014, to respond to this motion and reply to it (and defendants' pending motion) by December 10, 2014 (Docket No. 31). Plaintiff also moved for an evidentiary hearing as to his discovery motion (Docket No. 30, Pl. Affirm. ¶ 3), but that request was denied (Docket No. 31).

## BACKGROUND

Plaintiff was an inmate at Attica (Docket No. 22, Defs. Statement ¶ 1), where defendants Hale, Fitch, and Lambert were employed (id. ¶¶ 2-4). Plaintiff alleges that he is a member of the Crips gang and that he was targeted for assault by members of the Bloods gang inside Attica (id. ¶ 5). He alleges violations of his constitutional rights when he was targeted for assault by the Bloods but defendants failed to place him into protective custody (id.). Plaintiff alleges that he was assaulted by members of the Bloods on November 14, 2009 (id.; Docket No. 27, Pl. Aff. ¶ 2). Plaintiff filed an inmate grievance arising from this event (Docket No. 22, Defs. Statement ¶ 6). A search of Attica's Inmate Grievance Program records by Attica inmate grievance program supervisor Alyson Romesser, however, did not find a grievance filed by plaintiff for this incident (id. ¶¶ 8-19, 23). Romesser did not find record of any hearing or timely appeal from any grievance for this incident (id. ¶¶ 21-23; see generally Docket No. 23, Romesser Decl.).

Defendants now move for summary judgment (Docket No. 21), arguing that plaintiff failed to exhaust his administrative remedies (Docket No. 24, Defs. Memo. at 3, 5-8).

Plaintiff filed an affidavit, stating that he was diligently working on the case and requested an extension of time to respond, claiming that he was seeking sworn affidavits from witnesses (including locating his former wife) (Docket No. 27, Pl. Aff. ¶ 3).  Plaintiff also was awaiting action by New York State court regarding his frozen inmate account (id.).  He claims that he not only filed grievances, but also that he was interviewed by the Inspector General's office about this matter, seeking additional time to produce records from the Inspector General (id. ¶ 5).

Plaintiff (id.) was granted the 60-day extension he sought (Docket No. 29) and filed his response and motion for discovery (Docket No. 30) and his application for appointment of counsel (id.).  There, plaintiff denies that he failed to exhaust his administrative remedies, claiming that he made five oral grievances and submitted several written grievances but claims that the facility mail room is run by relatives of the defendant corrections officers; hence it was impossible for him to file written grievances (Docket No. 30, Pl. Affirm. ¶ 10).  He also argues that summary judgment is premature and that he has not had an opportunity to contact prospective witnesses and obtain affidavits (id. ¶¶ 1, 2).  He claims that New York State Freedom of Information Law, N.Y. Pub. Officers Law § 87(2)(f), (g), and regulations, 9 N.Y.C.R.R. § 8000.5(c)(2)(i)(a)(3), preclude discovery (id.¶ 2).  Plaintiff argues that his assets remain frozen under the Son of Sam Law precluding his from retaining counsel (id.), seeking appointment of counsel if discovery or the legal issues appear to be complex and plaintiff becomes unable to address (id. ¶ 5).

3

As for his motion to compel, plaintiff contends that he has "met with 'Brick Walls'" in attempting to obtain documents (id.¶ 3). He seeks documents produced as well as an "Evidentiary Hearing" on the subject of discovery (assuming that production may be voluminous and complex, requiring a "Plan & Schedule for Discovery") (id.). Plaintiff lists the categories of documents he seeks (id. ¶¶ 6, 7-8, 4), transcripts of his telephone calls from November 14, 2009; records, transcripts, or interview notes from conferences with the Inspector General's office; and all interdepartmental communication regarding Movement Orders, confidential Orders (for in camera inspection) and other withheld documents, offering to explain why each is relevant in the evidentiary hearing (id. ¶ 4). The November 14, 2009, telephone call between plaintiff's wife and prison officials is material because plaintiff's wife made those officials aware of the threats to plaintiff and his need to be placed in protective custody. (id. ¶ 7)

Treating his motion as a response under Rule 56(d), defendants respond that plaintiff has not filed a sufficient affidavit of his need for discovery to preclude summary judgment being entered in defendants' favor (Docket No. 32, Defs. Atty. Decl. ¶¶ 12-16). Specifically, defendants claim that plaintiff did not explain in his affirmation how he was to obtain the documents he needed to respond to the summary judgment motion (id. ¶ 14) or how they would show a genuine issue of material fact (id. ¶ 15). The documents plaintiff claims to need go to the substance of his failure to protect claim and do not address the grounds of defendants' motion, that plaintiff failed to exhaust his administrative remedies regarding the failure to protect claim (id.). Plaintiff also did not state his efforts to obtain these documents (id. ¶ 16) even if those items were somehow relevant to addressing defendants' motion. Defendants note that plaintiff had not served any document demands during the discovery period in this case (id.).

4

## DISCUSSION

I.  Applicable Standards

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), commands that no action shall be filed by a prisoner until such available administrative remedies are exhausted by the plaintiff (Docket No. 24, Defs. Memo. at 3), see also Porter v. Nussle, 534 U.S. 516, 532 (2002).

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, this Court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc.,

283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002).

Plaintiff also moved for discovery, which would preclude granting summary judgment to defendants until discovery is furnished to plaintiff to allow him to respond to the factual allegations in the motion, Fed. R. Civ. P. 56(d)(1), (3). The opponent to summary judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d). As defendants note (Docket No. 32, Defs. Atty. Decl. ¶ 12), Rule 56(d) "addresses cases where a litigant opposing summary judgment requests additional discovery," Guillory v. Boll, No. 9:12-CV-1771, 2014 U.S. Dist. LEXIS 133003, at *12 (N.D.N.Y. Aug. 28, 2014). This provision "was designed to afford a non-moving party with a fair opportunity to engage in discovery before having to oppose a summary judgment motion," id at *12-13. "To successfully assert a Rule 56(d) defense to a summary judgment motion, the non-movant 'must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine [dispute] of material fact, (3) what effort the affiant has made to obtain those facts, and (4) why [those efforts were] unsuccessful," id. at *13 (quoting Hudson River Sloop Clearwater, Inc. v. Department of Navy, 891 F.2d 414, 422 (2d Cir. 1989)) (id.¶ 13); see also Baillie Lumber Co., L.P. v. Ace Am. Ins. Co., No. 11CV995, 2014 U.S. Dist. LEXIS 172371, at *27-28 (W.D.N.Y. 2014) (Schroeder, Mag. J.) (Report & Rec.), adopted, 2014 U.S. Dist. LEXIS 171025 (W.D.N.Y. Dec. 10, 2014) (Arcara, J.). "The party opposing summary judgment is not automatically entitled to discovery," DePaola v. City of N.Y., No. 13 Civ.

315(KBF), 2013 U.S. Dist. LEXIS 149306, at *9 (S.D.N.Y. Oct. 9, 2013) (citations omitted); Baillie Lumber Co., supra, 2014 U.S. Dist. LEXIS 172371, at *27-28.

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011). The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts declaring that there exists a genuine issue to be tried, id. R. 56(a)(2). Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id.

Plaintiff did not file an opposing statement of fact, although he contends that he did attempt to exhaust his grievance procedures (Docket No. 30, Pl. Affirm. ¶ 10). This Court has to deem admitted the factual statements made in the defense's Statement of Fact, W.D.N.Y. Loc. Civ. R. 56(a)(2); see Fed. R. Civ. P. 56(e)(2), and may grant summary judgment if the motion and supporting material show that the movants are entitled to it, Fed. R. Civ. P. 56(e)(3).

II.     Application

    A.     Defense Summary Judgment Motion

        1.     Plaintiff's Exhaustion of Grievance Proceedings

Defendants, after outlining the grievance and appeal procedures available for plaintiff's claims (Docket No. 24, Defs. Memo. at 3-5), argue that plaintiff failed to grieve his claims that defendants failed to protect him and failed to appeal any grievance that he now contends he commenced (id. at 5). An inmate must exhaust these administrative procedures prior to

commencing a civil rights action (id. at 6), Goodwin v. Burge, No. 08CV660, 2011 U.S. Dist. LEXIS 57235, at *19 (W.D.N.Y. Mar. 7, 2011) (Foschio, Mag. J.), adopted, 2011 U.S. Dist. LEXIS 57221 (W.D.N.Y. May 27, 2011) (Arcara, J.). An unsubstantiated claim that a grievance was filed does not raise a material issue of fact to preclude summary judgment (id. at 5, Ex. A), Rivera v. Jeziosky, No. 03CV830, Docket No. 128, slip op. at 6 (W.D.N.Y. July 2, 2009) (McCarthy, Mag. J.).

Plaintiff sought additional time to obtain proof of exhaustion from the Inspector General's office as well as affidavits from other witnesses. Resort to the Inspector General, however, is not exhaustion of his administrative remedies. The Inspector General is in an office separate from the Department of Corrections and Community Supervision ("DOCCS"), "entrusted with the responsibility of ensuring that State government, its employees and those who work with the state meet the highest standards of honesty, accountability, and efficiency," www.ig.ny.gov (mission statement). The Inspector General receives and investigates complaints "concerning allegations of corruption, fraud, criminal activity, conflicts of interest or abuse in any covered agency," inform the heads of agencies, determine whether to bring a disciplinary action, civil or criminal prosecution, or further investigation by an appropriate federal, state or local agency is warranted, as well as issue public reports of such investigations, N.Y. Exec. L. § 53(1), (2), (3), (4); see also id. § 51 (jurisdiction over "covered agencies" meaning all state executive branch agencies and departments). Even if the Inspector General here decided to investigate plaintiff's claims, this investigation would not result in any direct remedy of his complaints. Rather, the Inspector General would advise the agency whether further disciplinary action or prosecution is warranted on defendants' alleged failure to protect with such

proceedings being conducted by other entities.  Otherwise, plaintiff has not shown that he has exhausted his administrative remedies through the DOCCS grievance process.

    2.  Plaintiff's Need for Discovery

  Plaintiff has cross moved to compel discovery, essentially arguing that he cannot respond to defendants' summary judgment motion without discovery from defendants (see generally Docket No. 30, Pl. Affirm; id.¶ 1, citing (in part) 10B Charles A. Wright, Arthur R. Miller & May Kay Kane, Federal Practice and Procedure § 2741).  But plaintiff's discovery entails seeking relevant material regarding (a) notice to defendants of his need to be placed in protective custody (that is, his wife's telephone conversation) and (b) the Inspector General's investigation.  The former requests go to the substance of plaintiff's failure to protect claim and the latter were addressed above regarding the significance of the Inspector General to this case.  Plaintiff does not seek production of the grievance record or pose interrogatories of those responsible for receiving inmate grievances at Attica.

  The issue raised in the defense summary judgment motion is whether plaintiff exhausted his grievance and other administrative remedies regarding his claimed failure to be protected.  An investigation by the Inspector General is not exhaustion.  At best, the Inspector General could recommend a further investigation into plaintiff's claims and will not in of itself exhaust those claims.  Plaintiff needs to establish that he had exhausted his administrative remedies, that exhaustion somehow was impossible (plaintiff's apparent present argument), or that he requires discovery to respond.  Plaintiff has not established exhaustion of his administrative remedies.  As for his claims that he was unable to file grievances, here merely alleges without substantiation that the grievance process at Attica was run "by relatives of the Corrections Officers" (Docket

9

No. 30, Pl. Affirm. ¶ 10), without stating who were those responsible for taking his grievances and their relationship to other Corrections Officers (whether defendants or not) or the basis for plaintiff's conclusions. The grievance process within a prison would require corrections officers to administer. Upon this present record, plaintiff has not shown that a material issue of fact exists to preclude granting defendants' motion for summary judgment on the issue whether he exhausted his grievance procedures.

Further, the documents plaintiff seeks in discovery will not address this procedural issue. These requests go to the substance of plaintiff's claim that defendants failed to protect him from the Bloods, and not whether he grieved or attempted to grieve this substantive claim. As defendants note, plaintiff does not describe his attempts to obtain these materials in discovery, in fact noting that plaintiff did not conduct any document discovery at all. Defendants' initial disclosure (Docket No. 12) included grievances and complaints filed by plaintiff (id., Ex. A). Plaintiff thus had the opportunity to seek his grievance records.

      B.      Plaintiff's Cross-Motion to Compel

Before disposing of defendants' motion for summary judgment, this Court needs to address plaintiff's motion to compel. Under Rule 56(d), plaintiff claims that he cannot present facts to justify his opposition and this Court may defer consideration of defendants' motion for summary judgment, allow time for completion of discovery or take "any other appropriate" action, Fed. R. Civ. P. 56(d)(1)-(3) (Docket No. 30, Pl. Affirm. ¶¶ 1-2). The categories of discovery plaintiff seeks, as described previously, do not address whether he sought administrative relief save the Inspector General's investigation. The telephone conversation between plaintiff's wife and prison officials warning them of the danger plaintiff faced does not

address whether he grieved the subsequent assault by other inmates. The discovery demanded by plaintiff will not aid in forming a response to defendants' summary judgment motion and the issue of exhaustion of plaintiff's administrative remedies.

Since plaintiff is proceeding pro se, denial of his motion to compel and recommended grant of defendants' motion would be unjust. Under the current Scheduling Order (Docket No. 11) the parties had until March 20, 2014, to complete discovery. In their initial disclosure (Docket No. 12), defendants identified and produced plaintiff's grievances and complaints (id. Ex. A). Plaintiff was deposed on March 17, 2014 (see Docket Nos. 16, 17), wherein he could have testified to his attempts to file grievances, but transcripts from that deposition were not filed with this Court, either as pro se party's discovery under the Local Civil Rule 5.2(f) of this District or as part of the moving papers for these motions. On May 21, 2014, during a status conference, the parties reported that discovery was completed (Docket No. 20). Plaintiff should have the opportunity to obtain documents regarding his attempts to grieve these claims and not to gain documentation regarding the failure to protect.

Thus, plaintiff's cross motion to compel is **granted** and defendants' motion (Docket No. 21) for summary judgment should be **denied** pending completing of discovery with leave to renew. The parties now have until **March 25, 2015**, in order to complete this discovery limited to plaintiff's exhaustion of his administrative remedies.

      C.      Plaintiff's Application for Appointment of Counsel

Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. See In re Martin-

Trigona, 737 F.2d 1254 (2d Cir. 1986).  The factors to be considered in deciding whether or not to assign counsel are set forth by the Second Circuit in Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).  Counsel may be appointed in cases filed by indigent plaintiffs where it appears that such counsel will provide substantial assistance in developing petitioner's arguments, the appointment will otherwise serve the interests of justice, and where the litigant has made "a threshold showing of some likelihood of merit."  Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989).

      The Court has reviewed the facts presented herein in light of the factors required by law.  Based on this review, plaintiff's motion for appointment of counsel (Docket No. 30) is **DENIED WITHOUT PREJUDICE AT THIS TIME**.  Plaintiff has not shown that he needs the assistance of counsel to conduct the discovery he seeks or discovery that would address defendants' motion for summary judgment, although he claims that he could not obtain discovery.

## CONCLUSION

      Based upon the above, it is recommended that defendants' motion for summary judgment (Docket No. 21) be **denied pursuant to Federal Rule of Civil Procedure 56(d) at this time**.  Plaintiff's cross motion to compel (Docket No. 30) is **granted** and his motion (id.) for appointment of counsel is **denied** without prejudice to being renewed.  Discovery (as limited herein) has been extended until **March 25, 2015**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

13

SO ORDERED.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
January 15, 2015